IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACOB W. GENTRY-CAPE PLAINTIFF

v. Civil No. 3:26-cv-03026-CDC

ROBERT KIRTCHER; JEREMY PHILLIPS; and STEPHANIE KECK DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jacob W. Gentry-Cape, filed this action alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). For the reasons given below, the undersigned recommends that Plaintiff's claims against Defendant Robert Kirtcher be DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff's Complaint brings three claims concerning events that he alleges occurred at the Boone County Detention Center ("BCDC"), where he is currently incarcerated. Claim 1 alleges that in June 2025, excessive force was used against him in violation of his constitutional rights. *See* ECF No. 1, pp. 4–5. Specifically, Plaintiff alleges that after he reported hearing hallucinatory voices, he was placed on suicide watch for five days and then taken to the BCDC booking room for further evaluation, where several unidentified prison inmates then roughly pulled him off of a

bench, ripping tendons in his left shoulder. *See id.* Plaintiff further alleges that Defendant Stephanie Keck (a nurse at BCDC) was present during this incident and watched the attack take place. *See id.* at 8. Claim 2 alleges that unconstitutional excessive force was again used against Plaintiff on February 6, 2026, when Defendant Jeremy Phillips (a sergeant at BCDC) attacked him, "tackling me for my language," and dislocating his shoulder. *See id.* at 6. Claim 3 alleges that Defendant Keck has violated Plaintiff's constitutional rights by being deliberately indifferent to his medical needs, refusing to provide him any treatment for the shoulder injuries that he suffered in June 2025 and February 2026. *See id.* at 8–9.

Plaintiff's Complaint does not specifically identify which Defendants each claim is being brought against. *See id.* at 4, 6, 7 ("Name of Each Defendant Involved" spaces left blank). Claim 1 does say that whoever this claim is being brought against is being sued in both their official and individual capacities. *See id.* at 5. As noted above, Plaintiff alleges that Defendant Keck was present during the June 2025 attack. *See id.* at 8. As she is the only Defendant specifically alleged to have been present during this attack, then presumably Claim 1 is being brought against her. As Defendant Phillips is the only person alleged to have attacked Plaintiff in February 2026, then presumably Claim 2 is being brought against him; he is being sued in his individual capacity only, *see id.* at 7. And as Defendant Keck is the only person alleged to have denied Plaintiff medical care, then presumably Claim 3 is being brought against her; she is being sued on this particular claim in her individual capacity only, *see id.* at 8.

As relief, Plaintiff is seeking compensatory and punitive damages. *See id.* at 9. He does not articulate a specific amount, but he does request that, among other things, he be compensated for the cost of his surgery and rehabilitation. *See id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

As noted in Section I of this Report and Recommendation above, Plaintiff's Complaint does not specify which Defendants each claim is being brought against; but the undersigned is able to infer from the factual allegations that Claim 1 is being brought against Defendant Keck in her

official and individual capacities, that Claim 2 is being brought against Defendant Phillips in his individual capacity, and that Claim 3 is being brought against Defendant Keck in her individual capacity. However, Defendant Robert Kirtcher is never mentioned at all anywhere in Plaintiff's Complaint, other than in the case caption and in the list of Defendants. *See* ECF No. 1, pp. 1–2. The Complaint does not contain any factual allegations about him whatsoever. *See generally id.* It is impossible to infer from this dearth of information that Defendant Kirtcher has violated any of Plaintiff's constitutional or statutory rights, nor even that he has interacted with Plaintiff at all. Accordingly, the Complaint fails to state any claim against Defendant Kirtcher.

## IV. CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. § 1915A(b)(1), it is recommended that Plaintiff's claims against Defendant Robert Kirtcher be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

This leaves for later resolution Plaintiff's claims against Defendants Jeremy Phillips and Stephanie Keck. By separate order the complaint will be served on Defendants Phillips and Keck.

**Status of Referral: This case should remain referred for all matters not recommended for dismissal in this report and recommendation.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of August 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE